AMERICAN BANK, Appellant, v. THOMAS R. CAMPBELL, Respondent.

Kansas City Court of Appeals, February 4, 1889.

1. Allegata et Probata: VARIANCE. Where the petition alleges that defendant and three others were joint owners, and the proof shows a partnership, there can be no recovery.

2. ——— : ———. When the petition counts on a promise made by defendant to sell certain property of W. H. C. and turn over the proceeds to plaintiff; and the evidence shows that such promise, if made at all, was made by defendant in his capacity as guardian, there is a failure of proof.

3. ——— : ———. Evidence showing that contractual relations were not intended, is not sufficient to support a verdict under the allegation.

*Appeal from the Lafayette Circuit Court.*—Hon. Richard Field, Judge.

Affirmed.

*Wallace & Chiles*, for appellant.

(1) The court below erred in admitting illegal and incompetent evidence on the part of defendant against the objections of and to the prejudice of plaintiff. 1 Greenl. Ev. (4 Ed.) secs. 51, 52; *State ex rel. v. Roberts*, 62 Mo. 338, at 390; *Brooks v. Blackwell*, 76 Mo. 309; *Weil v. Poston*, 77 Mo. 287; *Frederick v. Allgaier*, 88 Mo. 598; *Stumpf v. Mueller*, 17 Mo. App. 283. (2) Neither the agreement between Colcord, Campbell, Carter and Thornton, as testified to by parol by said Thornton nor the written agreement itself, afterward read in evidence constituted a partnership between said parties as to said cattle. They were simply joint owners of such cattle. *Lucas v. Cole*, 57 Mo. 143; *Price v. Hunt*, 59 Mo. 258; *Ashby v. Shaw*, 82 Mo. 76, at 80–1; *Newberger v. Friede*, 23 Mo. App. 631; *Newspaper Co. v. Farrell*, 88 Mo. 594.

*John S. Blackwell* and *Graves & Aull*, for respondent.

(1) The testimony clearly shows a partnership between defendant and Carter, Colcord and Thornton, and a continuation thereof after Colcord withdrew. *Lengle v. Smith*, 48 Mo. 276; *Whitehill v. Shickle*, 43 Mo. 543; *Myers v. Field*, 37 Mo. 435; *Priest v. Chouteau*, 12 Mo. App. 252. The petition charges an express contract with respondent by appellant to take charge of the cattle in controversy and sell them for appellant and to turn the proceeds over to appellant. That thereby

respondent became the agent and trustee of appellant, and as such agent and trustee, did sell said cattle and receive the proceeds thereof and failed to turn the same over to appellant. It was a question of contract between appellant and respondent. This the entire evidence, including all the directors and officers of the bank and every witness who attempted to testify on that point, utterly refutes and disproves. There is an entire failure of proof upon this proposition. Appellant, however, must stand on his petition ; standing on his petition he is without testimony. He cannot charge one cause of action in his petition and recover on another. This is conclusively settled by numerous decisions of the supreme court. *Priest v. Way,* 87 Mo. 25 ; *Wisdom v. Mc Veigh,* 93 U. S. 282.

ELLISON, J.—There is a voluminous record in this cause accompanied by briefs and abstracts aggregating near two hundred pages of printed matter ; but from the examination we have made of the various points of the exception preserved, we are enabled to make a final disposition of the case, without entering into a detailed discussion of the alleged errors of which complaint is made.

The petition charges that William H. Carter, Franklin Thornton, William R. Colcord and defendant were the joint owners of three hundred and fifty or four hundred head of cattle in the state of Kansas. That Carter owed plaintiff a note of ten thousand dollars, which was secured by a chattel mortgage on his undivided interest in said cattle. That said cattle were afterwards, on the twenty-third and twenty-seventh of September, 188–, brought to Kansas City and sold, Carter's share of the proceeds, after deducting expenses, amounting to the sum of $1557.71. That prior to such sale, defendant had promised and agreed with plaintiff " to sell such cattle at private sale, and to account to and pay plaintiff the

amount of the proceeds of the interest and share of said W. H. Carter, in such cattle mortgaged to plaintiff as aforesaid." That defendant received Carter's share of the proceeds of sale "as promised by defendant for and to the use of plaintiff as aforesaid," and refuses to pay over the same but has converted it to his own use.

The evidence fails to sustain the petition in two essential particulars. It does not show the cattle to have been merely the joint property of Carter, Colcord, Thornton and defendant, but that it belonged to them as partners, and in consequence governed by the laws concerning partnership as distinguished from mere joint owners.

Neither does the evidence in any manner sustain the allegation that defendant promised and agreed to sell the cattle for plaintiff and pay over to it the proceeds. Carter was adjudged of unsound mind on February 8, 1886, by the probate court of Lafayette county and defendant was appointed his guardian. On the twenty-first day of August following, he was restored and defendant discharged from the guardianship. It was between these dates that it is contended he made the agreement under which this recovery is sought, and it was after Carter's restoration, the cattle were sold. It clearly appears from the testimony that all the conversation he had with the bank officials in regard to their claim against Carter was in his capacity as guardian. There is no other tangible ground upon which to put it. There can be no question but that he understood, and that the bank understood, he was representing Carter and not himself.

But leaving the guardianship out of consideration, there was not, in my opinion, sufficient evidence upon which to base a verdict, holding defendant as he is charged in plaintiff's petition.

The evidence is quite indefinite, but taken altogether, shows plainly enough that contractual relations

were not intended to be created. Defendant as a partner, received the proceeds of the sale of the cattle which were partnership property, and paid over to Carter, as one of his partners, his, Carter's, share of the proceeds ; and this he had a right to do, so far as anything to the contrary has been proven in this case. The result is we affirm the judgment. All concur.